ROACH-MONTGOMERY *v.* SMITH.

1. REPLEVIN—SALES—TITLE-RETAINING CONTRACT.
    Where, under contract of sale, title to household furniture did not pass to purchaser until paid for, and he failed to make payment, seller was entitled to recover in action of replevin.

2. CHATTEL MORTGAGES—WIFE'S SIGNATURE—EXEMPTIONS—STATUTES.
    Where husband had no title to household goods he was purchasing on contract, statute providing for wife's signing mortgages, etc., in certain cases, is not applicable (3 Comp. Laws 1929, § 14578, subd. 9).

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 11, 1933. (Docket No. 90, Calendar No. 37,044.) Decided May 16, 1933.

Replevin by Roach-Montgomery, a corporation, against Robert D. Smith to recover household goods

sold to defendant on a title-retaining contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*George H. Cross,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

CLARK, J. This is replevin involving household furniture. Defendant selected several articles at plaintiff's store and made a payment, whether as a deposit or for certain articles is a disputed question, found by the trial court to be a deposit, which finding is permitted to stand. The trial court also found correctly that the articles were to be paid for in cash on delivery. The goods were delivered. Defendant obtained possession of them without paying cash and by a trick, according to a finding of the trial court.

Later plaintiff accepted from defendant a contract providing for payment of remainder due and for retaining title in plaintiff pending payment. Payment not being made, this suit followed.

We think title did not pass, and that the trial judge was correct in saying:

"The contract simply carries out the original arrangement that the title did not pass until the goods were paid for on delivery and is a confirmation of the original arrangement."

As defendant had no title, it follows that 3 Comp. Laws 1929, § 14578, providing for the wife's signing mortgages, etc., in certain cases, is not applicable. No other question requires discussion.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.